Pearson, C. J.
 

 In regard to
 
 matters of substance
 
 a demurrer in equity should be general, that is, it should not set out the grounds of objection, or go into an argument. The proper place for all this is at the hearing; and its introduction into the demurrer tends to prolixity and confusion and an unnecessary accumulation of costs. In regard to
 
 matters of
 
 form, they should be set out, but not argumentatively, for the purpose of giving the plaintiff an opportunity of amending on terms; and unless defects in mere form are set out, they are not noticed at the hearing.
 

 This much is premised, for the purpose of explaining why some of the points made on the argument are not referred to in this opinion.
 

 The bill is filed for a specific performance of a marriage agreement in respect to certain slaves, and for an account of
 
 *260
 
 hires and profits. The equity as to the slaves is at an end by their political death, and the case is now confined to the account of hires and profits up to their emancipation. There is a demurrer, and
 
 four
 
 causes are assigned.
 

 1st. The bill does not set out the will of Neill McLean.
 

 As the plaintiffs do not claim under the will, it was not proper to set it out in the bill. If it had been set out the bill would have been informal, and liable to special demurrer for unnecessary prolixity and an useless accumulation of costs.
 

 2d. The children of Neill McLean by his first wife are not made parties.
 

 Executors represent the rights and interests of the legatees, and are the only actors in defending suits in which claims adverse to the title of the testator are set up. So the children by the first wife are not necessary parties, and the bill would have been informal and liable to special demurrer if they had been made parties.
 

 3d. Harrington, who qualified as one of the executors of Neill McLean, and is joint executor with defendant Malcom McLean, is not made a defendant, and no process is prayed against him. Harrington is a plaintiff, and of course could not also have been made a defendant.
 

 4th. Harrington, having voluntarily qualified as one of the executors, is estopped from filing this bill against his co-executor for the purpose of defeating a will which he is bound to maintain and execute.
 

 In support of this objection
 
 Mendenhall
 
 v. Mendenhall, 8 Jon. 287 was relied on. In that case it is held that a widow having qualified as executrix of her husband, could not afterwards dissent from the will and claim dower and a distributive share of his personal estate. For such claims, being
 
 under
 
 her husband, were inconsistent with the act of qualifying as his executrix. Here Harrington is not seeking to set up a claim
 
 under
 
 his testator, but is seeking to set
 
 *261
 
 up a claim of Ris wife
 
 against
 
 the testator, of which claim he had no notice until after he had qualified, and which claim she derives from her mother under an agreement, in fraud of which the testator had appropriated certain slaves to himself, and attempts, by his will, to give a portion to his children by his, first wife. Note the diversity.
 

 On the argument it was insisted that Harrington, as executor, having the legal title, must sue at law and not in equity. It is sufficient to say, hé and his co-executor, the defendant Malcom McLean, hold the legal title as tenants in common, and of course the remedy is in equity.
 

 The other point, in regard to putting the plaintiffs to their election, either to claim under the will or against it, does not arise upon this demurrer. Whether the plaintiffs can be put to their election by a cross-bill alleging the fact that legacies are given to Mrs. Harrington is a matter into which we do not enter.
 

 Per Curiam.
 

 Demurrer overruled.